UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURICIO ARENAS,<br><br>                    Plaintiff,<br><br>     vs.<br><br>THE LIGHTSTONE GROUP, LLC,<br><br>                    Defendant. | Case No. 19-cv-04135-BMC<br><br>**ANSWER WITH AFFIRMATIVE DEFENSES** |

Defendant, The Lightstone Group LLC, by its attorney, Solomon Rubin, for its Answer to the Complaint, responds as follows:

**NATURE OF THE ACTION**

1.   Denied.

2.   Defendant denies knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs.

3.   Defendant denies knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs.

**JURISDICTION AND VENUE**

4.   This paragraph contains no factual allegations, so no response is necessary.

5.   Defendant admits to doing business in New York. Defendant leaves all questions of law for the Court to determine.

6.   Defendant denies all factual allegations in this paragraph. Defendant leaves all questions of law for the Court to determine.

7. Defendant denies knowledge or sufficient information to form a belief as to the truth of the factual allegations in this paragraph and leaves Plaintiff to his proofs. Defendant leaves all questions of law for the Court to determine.

## PARTIES

8. Defendant denies knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs.

9. Admitted.

## FACTUAL ALLEGATIONS

10. Defendant denies knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs.

11. Defendant denies knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs.

12. Defendant denies knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs.

13. Defendant denies knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs.

14. Defendant denies knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs.

15. Defendant denies knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs.

16. Defendant denies knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs.

17.     Defendant admits that Plaintiff registered the copyright stated in this paragraph, but not the validity of this registration.

18.     Defendant denies knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs.

19.     Admitted.

20.     Defendant admits that on March 15, 2018, Plaintiff's agent contacted Defendant by email. Defendant denies the claims made in said email.

21.     Defendant denies knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs.

22.     Defendant denies knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph and leaves Plaintiff to his proofs.

23.     Denied.

### FIRST CAUSE OF ACTION

24.     This paragraph contains no factual allegations, so no response is necessary.

25.     Defendant denies knowledge or sufficient information to form a belief as to the truth of the factual allegations in this paragraph and leaves Plaintiff to his proofs. Defendant leaves all questions of law for the Court to determine.

26.     Defendant denies knowledge or sufficient information to form a belief as to the truth of the factual allegations in this paragraph and leaves Plaintiff to his proofs. Defendant leaves all questions of law for the Court to determine.

27.     Denied.

28.     Admitted.

29.     Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Defendant denies knowledge or sufficient information to form a belief as to the truth of the factual allegations in this paragraph and leaves Plaintiff to his proofs. Defendant leaves all questions of law for the Court to determine.

35. Denied.

## SECOND CAUSE OF ACTION

36. This paragraph contains no factual allegations, so no response is necessary.

37. Defendant denies all factual allegations in this paragraph. Defendant leaves all questions of law for the Court to determine.

38. Defendant denies all factual allegations in this paragraph. Defendant leaves all questions of law for the Court to determine.

39. Defendant denies all factual allegations in this paragraph. Defendant leaves all questions of law for the Court to determine.

40. Defendant denies all factual allegations in this paragraph. Defendant leaves all questions of law for the Court to determine.

41. Denied.

## AFFIRMATIVE DEFENSES

42. Defendant asserts the following affirmative defenses and reserves the right to assert additional defenses when appropriate, including without limitation based on information disclosed in discovery.

**FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Claim)

43. The Complaint fails to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
(Fair Use)

44. Plaintiff's copyright infringement claim is barred in whole or in part by the doctrine of fair use, including without limitation pursuant to 17 U.S.C. § 107 and other applicable law.

**THIRD AFFIRMATIVE DEFENSE**
(Unclean Hands)

45. Plaintiff's copyright infringement claim is barred based on the doctrine of unclean hands, *inter alia*, because the work that is the basis of the claim was illegally painted on public property without authorization.

**FOURTH AFFIRMATIVE DEFENSE**
(Invalid Copyright)

46. Plaintiff's copyright claim is barred in whole or in part to the extent the copyright registration alleged in the Complaint was procured using misstatements or omissions that were material to the registration and material to the purpose for which Plaintiff invokes the registration in this action.

**FIFTH AFFIRMATIVE DEFENSE**
(*De Minimis* Copying)

47. Plaintiff's claim for copyright infringement is barred by the doctrine of de minimis copying, as any use of the protectable portions of the asserted work by Defendant was *de minimis*.

**SIXTH AFFIRMATIVE DEFENSE**
(Fair Use)

48. Plaintiff's copyright infringement claim is barred in whole or in part by the doctrine of fair use, including without limitation pursuant to 17 U.S.C. § 107 and other applicable law.

**SEVENTH AFFIRMATIVE DEFENSE**
(Waiver, Acquiescence, Consent, or Estoppel)

49. Plaintiff's copyright infringement claim is barred in whole or in part by the doctrines of waiver, acquiescence, consent, or estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**
(Copyright Misuse)

50. Plaintiff's claims for relief are barred, in whole or in part, by Plaintiff's copyright misuse.

**NINTH AFFIRMATIVE DEFENSE**
(Innocent Violation)

51. Pursuant to 17 U.S.C. § 1203(c)(5), any damages award should be reduced or remitted because Defendant was not aware and had no reason to believe that its acts constituted a violation.

**TENTH AFFIRMATIVE DEFENSE**
(Failure to Mitigate)

52. Plaintiff's requested relief is barred by Plaintiff's failure to mitigate its claimed damages.

**ELEVENTH AFFIRMATIVE DEFENSE**
(Public Domain)

53. The complaint is barred, in whole or in part, because the material allegedly used by Defendant is in the public domain, and therefore is not subject to copyright protection.

## TWELFTH AFFIRMATIVE DEFENSE
(Lack of Standing)

54. The Plaintiff lacks standing to bring the claims asserted in this lawsuit because Plaintiff does not own a copyright registration for its asserted work.

## PRAYER FOR RELIEF

WHEREFORE, Defendant, The Lightstone Group LLC respectfully requests:

1. That judgment be entered in favor of Defendant and against Plaintiff on every one of Plaintiff's causes of action and that Plaintiff take nothing by its Complaint;

2. That the Court award Defendant its costs of suit and reasonable attorneys' fees and costs pursuant to applicable law, including without limitation 17 U.S.C. § 505 and 15 U.S.C. § 1117;

3. That the Court grant Defendant such other and further relief as the Court deems just and proper.

Dated: Fort Lee, New Jersey
August 28, 2019

_Solomon Rubin_

Solomon Rubin
*Attorney for Defendant*
2077 Center Ave., Suite 6E
Fort Lee, NJ 07024
(Tel) 718-974-9303
**Maintains a New York Office at:**
569 East 8th Street
Brooklyn, NY 11218
Please correspond with NJ office