```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------  X
                                                                   :
MAURICIO ARENAS,                                                   :
                                                                   :
                              Plaintiff,                           :   **MEMORANDUM DECISION**
                                                                   :   **AND ORDER**
             - against -                                           :
                                                                   :   19-cv-04135 (BMC)
                                                                   :
THE LIGHTSTONE GROUP, LLC,                                         :
                                                                   :
                              Defendant.                           :
----------------------------------------------------------------  X
```

**COGAN**, District Judge.

Plaintiff brings this action under the Copyright Act, 17 U.S.C. § 101 *et seq.*, alleging that defendants infringed his copyrights when they used a photograph of a mural he painted in a marketing campaign for their new apartment building.[1]  Plaintiff seeks leave to amend the complaint and defendants oppose in part.  The motion is granted in part and denied in part.

## BACKGROUND

Plaintiff is a street artist and filmmaker operating under the name "DeGrupo."  In 2016, he created a mural on a railway overpass pillar in Long Island City.  The mural depicts Marilyn Monroe wearing a bright red swimsuit with "Welcome to Long Island City" written across the top and DeGrupo's signature along the side, the latter in the same red.  Plaintiff has two copyright registrations for his work: VAu 1-327-298, effective date March 18, 2018, and VAu 1-353-597, effective date November 6, 2018.

In March 2018, plaintiff saw a photograph of his work displayed on the side of a new apartment building in Queens, the ARC building.  He then found the photograph of his work on

---

[1] The original complaint includes only one defendant, The Lighthouse Group, LLC, but the proposed amended complaint would add an additional defendant, 30-02 Associates, LLC, which defendants do not oppose.

the building's website and on printed brochures used to advertise it.  Plaintiff's signature on the original work had been removed from each of the images.  On March 15, 2018, Plaintiff's agent contacted defendant The Lighthouse Group about its use of plaintiff's work.  Plaintiff subsequently filed this action.

During discovery, plaintiff learned that another entity, 30-02 Associates LLC, is affiliated with The Lightstone Group.  Plaintiff seeks leave to amend the complaint to add this entity as a defendant and to add additional claims.  Defendants oppose plaintiff's new claims for legal fees and defendants' profits as futile but otherwise do not oppose amendment.

## DISCUSSION

The Court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a), but may deny leave for various reasons, including undue delay, bad faith, undue prejudice, and futility.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  An amendment is futile if the "proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)" of the Federal Rules of Civil Procedure.  Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).  Thus, the proposed amendment must include "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The party opposing a motion for leave to amend has the burden of establishing that the amendment would be futile.  Amaya v. Roadhouse Brick Oven Pizza, Inc., 285 F.R.D. 251, 253 (E.D.N.Y. 2012).

First, defendants argue that it would be futile for plaintiff to add a claim for legal fees because legal fees cannot be awarded in this case under 17 U.S.C. § 412.  Plaintiff points to § 505, the section that authorizes a court to award costs to the prevailing party in a copyright action.  This section states: "Except as otherwise provided by this title, the court may also award

a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Thus, § 505 acknowledges that exceptions to this general provision exist elsewhere in the statute.

One such exception is contained in § 412, titled "Registration as prerequisite to certain remedies for infringement." This section states that no award of attorney's fees, "as provided by sections 504 and 505, shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."

Here, § 412 bars plaintiff's claim for attorney's fees. Defendants' alleged infringement began by March 15, 2018 at the latest – the day that plaintiff contacted The Lightstone Group about its use of his work. The effective dates of plaintiff's registrations, March 18, 2018 and November 6, 2018, fall after the infringement began and do not fall within three months of plaintiff publishing his work in 2016. No other exception to § 412 is relevant here. Accordingly, it would be futile to allow plaintiff to amend his complaint to add a claim for attorney's fees.

Second, defendants argue that it would be futile for plaintiff to add a claim for defendant's profits from the infringement. The Copyright Act permits such a remedy, see 17 U.S.C. § 504, but defendants argue that plaintiff fails to allege any connection between their profits and the alleged infringement and, in any event, it is implausible that any portion of defendants' profits from renting out apartments could be attributed to the use of plaintiff's work in marketing those apartments.

Plaintiff alleges that defendants "have made a monetary profit through the unauthorized commercial use of [p]laintiff's [w]ork for advertising purposes." Plaintiff states that his mural has a "symbolic link to the Long Island City area" and "strong local association," and that defendants used the mural to "market the ARC project as an equally prominent fixture in the

3

area." Plaintiff elaborated further in his briefing, arguing that defendants' use of his work served to "attribute a particular style to their real estate development to match the surrounding modern artistic community of Long Island City." Plaintiff also questions why defendants would use the mural in their advertising campaign "if they did not believe that [it] would enhance their campaign and attract customers."

Plaintiff's allegations are sufficient. The purpose of an advertising campaign is to generate sales of something, in this case apartment rentals, and it is common sense that some profits could be attributed to the use of a copyrighted work that is featured prominently in the campaign. Defendants didn't use plaintiff's work without some expectation that it would help encourage rentals. Copyright law does not restrict an award of infringer's profits to those cases where the infringer sold copies of the work itself that was infringed; the use of a copyrighted work to sell something else can also provide a basis for such awards. See, e.g., Polar Bear Productions, Inc. v. Timex Corp., 384 F.3d 700, 710-13 (9th Cir. 2004) (finding a percentage of a watch company's trade show profits was attributable to the infringing advertising materials used at those trade shows); Cream Records, Inc. v. Jos. Schlitz Brewing Co., 754 F.2d 826, 828-29 (9th Cir. 1985) (affirming district court's finding that a small portion of a beer company's profits was attributable to a brief song clip used without authorization in a commercial). Plaintiff plausibly alleges that some portion of defendants' profits is attributable to the use of his work in the marketing campaign for their building.[2]

Finally, defendants argue that plaintiff's copyrighted work is not original and therefore does not qualify for copyright protection at all. This argument does not address a proposed

---

[2] Plaintiff's claim for defendants' profits may ultimately be too speculative to survive summary judgment, see On Davis v. The Gap, Inc., 246 F.3d 152, 160-61 (2d Cir. 2001), as amended (May 15, 2001), but his allegations are enough for a Rule 12(b)(6) challenge.

amendment and, in any event, would fail on a motion to dismiss because a certificate of registration constitutes "prima facie evidence of the validity not only of [plaintiff's] copyrights, but also of the originality of [his] works." Boisson v. Banian, Ltd., 273 F.3d 262, 268 (2d Cir. 2001).

## CONCLUSION

Plaintiffs' motion to amend the complaint is granted in part and denied in part. Plaintiff may file an amended complaint as proposed except for the new claim for attorney's fees within 7 days of this decision.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
       August 26, 2020